## Detwiler v. Williamsburg Borough.

W. I. & John Woodcock and J. F. Sullivan, for plaintiff.

G. G. Patterson and F. G. Fisher, for defendant.

McCANN, J., 47th judicial district, specially presiding, Aug. 9, 1928.—The Borough of Williamsburg, with a population of 2000 and a present indebtedness of $8500, on Sept. 5, 1922, by ordinance of council regularly approved, condemned 1200 acres of land on Tussey Mountain, owned by A. J. Detwiler.

Viewers were appointed by the Court of Common Pleas of Blair County, and awarded the plaintiff $14,075 on April 5, 1926, as damages for the land taken. The Borough of Williamsburg appealed from the award to No. 83, March Term, 1926, and upon trial of the issue on Jan. 27, 1928, the jury returned a verdict in favor of the plaintiff in the sum of $13,006.50. The defendant borough immediately filed a motion for leave to withdraw and discontinue the condemnation proceedings, and averred that the borough had never taken actual physical possession of the land or exercised any ownership

thereof and did not in any way injure or damage the same. The defendant council immediately enacted an ordinance repealing the condemnation ordinance within four days after the award, and in said petition prayed the court to refer the matter to viewers to determine the amount of reasonable costs and expenses incurred by the plaintiff by reason of said condemnation proceedings and the discontinuance thereof, all of which was done by ordinance of the Borough of Williamsburg.

Testimony was taken as to whether or not actual possession of the land had been taken, and it is conflicting to some extent. A review of the testimony shows that the borough took what steps were necessary to prevent pollution of the water-shed, such as the abatement of nuisances thereon, and the borough authorities may have posted some trespass notices on the property, but, in our opinion, no actual possession was taken.

We are satisfied the borough had the authority to discontinue the condemnation proceedings under the circumstances in this case. Section 34, article II, chapter 6, of the Borough Code of May 14, 1915, P. L. 312, 343, provides: "If any borough shall repeal any ordinance, or discontinue any proceeding, prior to the entry upon, taking or injury to any property or materials, the borough shall not be liable to pay any damages which have been assessed, but all costs upon any such proceeding shall be paid by the borough, together with any actual damage sustained by reason of such proceeding."

In re Franklin Street, 14 Pa. Superior Ct. 403, 411, President Judge Rice, speaking for the Superior Court, held: "It is safe to say, in general, that the courts have been careful not to lay down a rule upon this subject which will prevent municipal corporations from receding from proposed action of this kind before the land owner had sustained final judgment for his damages, unless the corporation has in the meantime taken actual possession of the land. See generally upon the subject, Elliott on Roads and Streets, 209, 280, and 2 Dillon's Mun. Corp., § 608. It is proper that this view should be taken. The public good, or the inability of the treasury to fairly bear the burdens, may require that it should recede, and if the land owner is fairly compensated for the actual injury he has sustained, no injustice is done in permitting the municipality to do so. A careful investigation of the Pennsylvania cases bearing on the subject has failed to convince us that a stricter rule should be applied in the present case."

"No rule has been laid down that will prevent municipal corporations from receding from a proposed condemnation before the land owner has obtained final judgment for his damages, unless the corporation has actually taken possession:" Monongahela R. R. Co., 255 Pa. 211; Philadelphia v. Com., 284 Pa. 225.

We are satisfied that the borough has the right to discontinue in this case, for the reason that the amount of the verdict far exceeded the borrowing power of the council. The consent of the electors had not been obtained prior to the passing of the ordinance, and, under any view of the case, the amount of the verdict exceeded 2 per cent. of the assessed value of the property. This is true whether we consider it an increase of indebtedness at the time of the condemnation or at the time that the verdict was returned.

The argument [is] that the present case is an exception to the general rule, in that the constitutional amendment provides that where water-works are purchased or erected and payment of the costs is provided for by a bond issue upon the water-works alone, without any liability on the part of the municipality, it is not an increase of indebtedness within the meaning of the Con-

stitution; however, the land for these water-works was not so acquired. It was the cost of the additional land for the water-shed, under the condemnation proceedings, that was intended by the ordinance to be a general debt of the municipality, and no attempt was made to take advantage of the constitutional amendment, and we doubt whether, under any circumstances, it could have been done, for the reason that the water-works had been acquired by the Borough of Williamsburg and paid for out of the general revenue of the borough. The land containing the water-shed was not, and is not now, producing any revenue. It is unproductive timber land.

It is [not] necessary to refer to the various cases sustaining this point of view, for the reason that the borough authorities never contemplated taking advantage of any constitutional amendment in this case.

No final judgment having been entered, no actual possession of the land having been taken by the municipality, the condemnation, especially as revealed by the verdict in this case, attempts to create an indebtedness beyond the powers of the borough council, and we are satisfied that the right to discontinue should be granted.

### Decree.

And now, Aug. 9, 1928, the prayer of the petition for leave to discontinue and withdraw from the condemnation proceedings in the above case is granted, upon payment of the costs of said case and the payment to the plaintiff of reasonable costs and expenses occasioned by, and resulting from, said proceeding and the discontinuance thereof. E. U. Patterson, Nelson Keim and Joseph M. Delozier are appointed viewers to view the premises and determine the reasonable costs and expenses occasioned to the plaintiff by, or resulting from, said condemnation proceedings and the discontinuance thereof.

From Robt. W. Smith, Hollidaysburg, Pa.